[Civ. No. 1094. Second Appellate District.—November 29, 1912.]

ROSALIND O. BUTTERFIELD, Respondent, v. EMILY J. HARRIS, Executrix of the Estate of John T. Harris, Deceased, Substituted for John T. Harris, Appellant.

ACTION TO ENFORCE TRUST IN PATENTS FOR INVENTION—CAUSE OF ACTION NOT STATED—AGREED TRANSFER TO CORPORATION—INTEREST IN STOCK—CONDITIONS.—A complaint in an action to enforce a trust in one-fourth interest in an invention of the defendant, which sets

forth a written contract between the parties. that the patents. for
the invention were to be transferred by the defendant to a corpora-
tion named, in which plaintiff was to have one-fourth interest in the
stock, subject to certain payments to be made, and to the condition
that the corporation should pay certain indebtedness to the defend-
ant, and the expenses of obtaining the patents, states no cause of
action.

ID.—PROPER REMEDY UNDER FACTS ALLEGED—SPECIFIC PERFORMANCE—
RELIEF NOT SOUGHT.—It is held that plaintiff by establishing all
of the facts alleged, might have secured a decree requiring the de-
fendant to specifically perform the obligations assumed toward the
plaintiff, by transferring his patents and process to the corporation,
and causing stock to be issued to plaintiff according to the agreed
terms of the contract, but that the complaint was not designed with a
view to securing that character of relief.

ID.—TRIAL AND JUDGMENT FOR PLAINTIFF—JUDGMENT WITHOUT SUP-
PORT.—Where, after demurrer overruled, the case was tried upon
issues joined, and judgment was rendered for the plaintiff, but the
indebtedness of the corporation to the defendant which was ascer-
tained and stated in the contract to be the sum of nine thousand
one hundred and sixty-two dollars, was not taken into account in
adjusting plaintiff's interest in the patents; and where the court
found that plaintiff had only paid six thousand dollars of the ten
thousand dollars required to be paid in cash by her, and failed to
find that she had offered to make all of the payments required to
be made as a condition of obtaining the stock agreed to be trans-
ferred to her, the judgment for plaintiff is without support.

APPEAL from a judgment of the Superior Court of
Los Angeles County. George H. Hutton, Judge.

The facts are stated in the opinion of the court.

Arthur L. Hawes, John D. Pope, and S. Lawrence Miller,
for Appellant.

Valentine & Newby, and Shirley C. Ward, for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of
plaintiff and against defendant. The record on appeal con-
sists of a judgment-roll.

The substance of the facts set out in plaintiff's complaint is
contained in the following narrative: Defendant John T. Har-
ris was the inventor and owner of a certain device, process,
and apparatus designed for purifying water and other liquids.

Being without funds to secure patents to protect his invention and process, he solicited the plaintiff to advance to him money to meet his expenses in that direction, and prior to the twenty-second day of September, 1905, plaintiff had advanced to defendant about the sum of one thousand dollars. On the date last mentioned a written agreement was entered into between the parties by which it was provided that Harris was to transfer to a corporation called the Acme Holding Company, which had theretofore been duly organized, all his patent rights and that he was to sell to plaintiff one-fourth of the capital stock of said corporation in consideration of the payment by her of the sum of twenty-five thousand dollars, ten thousand dollars of which amount was to be paid on or before April 1, 1906, and the remainder thereof, to wit, fifteen thousand dollars, was to be paid by applying one-half of the dividends which might be declared from time to time on the stock issued to plaintiff until said amount of fifteen thousand dollars was fully paid. The shares of stock to which plaintiff was to become entitled were to be deposited with a trustee to be held by him until April 1, 1906, and thereupon delivered to plaintiff, providing she had then made payment according to the terms of the agreement. It was further provided that in the event that she should fail to make the payments, or any of them, then the contract should be void and the stock held in escrow be immediately delivered to Harris, together with all parts of the purchase money paid by plaintiff on account thereof. The contract contained the further condition, as a part consideration therefor, that an indebtedness of Harris in the sum of $9,162 should be paid to him by the Acme Holding Company, together with all expenses for home and foreign patents which he might have incurred. It was alleged that plaintiff devoted much time, effort, and money in promoting and introducing the invention, process, and apparatus and had paid to defendant, between September 22, 1905, and July 1, 1907, more than the sum of ten thousand dollars; that on February 15, 1907, defendant sent a written notification to plaintiff advising that because of her failure to make payments under the contract as she had agreed to make at the time specified the contract was void and subject to his willingness to reinstate it; that notwithstanding this notification defendant continued to solicit financial aid and assistance from plaintiff and urged her to continue to devote her time

and energies to the promotion of the enterprises in which defendant was engaged, and she did so continue her efforts and continued to pay money in satisfaction of the terms of the contract; that defendant at the time of the commencement of the action denied that plaintiff was entitled to any rights in his invention, or in any of the patents obtained by him protecting the same, and that, in violation of plaintiff's rights, he was engaged in attempting to sell, transfer and dispose of the invention, discovery, process, and apparatus, without consulting plaintiff and without obtaining her consent thereto; that defendant was wholly insolvent and had no means of responding in damages to any judgment that might be obtained against him, and that the value of the invention and discovery was incapable of being calculated in money, but that the same was of great value. Plaintiff's prayer was for a decree determining that defendant held title to the invention and process, together with all patents acquired by him, in trust for plaintiff as to an undivided one-fourth interest therein, and that the court decree that he execute, acknowledge, and deliver a transfer to her of said one-fourth interest. It is further set forth in the complaint that plaintiff was ready and willing and that she offered to pay the unpaid balance of the twenty-five thousand dollars of the purchase price of her alleged interest in the invention by paying one-half of the net proceeds derived from such interest until the whole of the balance was fully paid. There was a demurrer to the complaint, which being overruled, an answer was filed and after a trial had the court made its findings, finding all of the facts in accordance with the complaint of plaintiff, except it was found that plaintiff had not paid the sum of ten thousand dollars on account of the purchase of the alleged one-quarter interest in the invention and process referred to, but had paid only the sum of six thousand dollars, and the trial court held that she was entitled to be awarded, and by the judgment there was awarded to her six-tenths of a one-quarter interest in the said patents and process. No account was taken by the trial judge, so far as the findings show, of the condition of the contract which required that there be paid to Harris by the Acme Holding Company the sum of $9,162, and the interest in the patent rights and process was decreed to plaintiff wholly freed from any charge or deduction to be made on account of this indebtedness.

It is the contention of appellant that the complaint of plaintiff did not state sufficient facts to entitle her to the relief demanded; and further that, conceding that the complaint did show facts appropriate to the awarding of the character of relief for which she prayed, the judgment of the court was erroneous in that the matter of the indebtedness agreed to be paid by the Acme Holding Company to the defendant was wholly and improperly left out of the calculation of the trial judge when he made up his judgment.

We think that in both of these contentions defendant is clearly right. The contract entered into between the parties was clear and unmistakable in its terms, and it did not contemplate in any event that any interest in the patent rights or process should become the property of plaintiff, except as such interest might be represented by shares of stock in the holding corporation. In this holding corporation Harris was to be the majority owner of stock, and consequently he thereby would control altogether the management of the business and might, if he saw fit, do through the corporation the very thing that plaintiff complains he was about to do, to wit: dispose of and sell the patents and process. To be sure, it would be assumed that whatever return was made upon such sale would become of the assets of the corporation, which would give some value to the shares of stock to be held by plaintiff, but, as we have before stated, there would be no right in plaintiff to control the handling of the patents or the business incident thereto. The court by its decree attempted to award to her a direct interest as a part owner in the patents and process, something which was not in contemplation of the parties under the terms of their contract. There is no question but that a court of equity, where it finds property in the hands of one person which is held in whole or in part for the benefit of another, will, under all proper circumstances, impose upon the relations so existing the character of a trust and decree interests to the several parties as they may appear, but the facts of this case, as we view them, do not authorize it to be classified with transactions which may be so dealt with. We do not doubt that plaintiff by establishing all of the facts alleged by her might have secured a decree requiring Harris to specifically perform the obligations which he had assumed toward her, but her complaint was not designed with a view to securing that character of relief. In the kind of an action

last referred to the court might properly have compelled Harris to transfer his patents and process to the holding company and cause stock to be issued to plaintiff according to the agreed terms of the contract.

Further, the findings do not support the judgment for two reasons: 1. The indebtedness which was ascertained and stated in the contract of $9,162, which was to be paid by the holding company to Harris, should have been taken into account in adjusting any interest in the patents and process that plaintiff was found to be entitled to.  She alleged that the holding company had no assets and was not to have any assets except those which would be made up of the patent rights to be transferred by Harris to it, and therefore the burden of this indebtedness would be a direct charge against the stock of the corporation of which, had the agreement been carried out as contemplated, plaintiff would have held one-fourth; 2. It may further be noted that by the findings of the court plaintiff had only paid six thousand dollars of the ten thousand dollars required to be paid in cash by her, and there was no finding that she had offered to make all of the payments required by her to be made as a condition to obtaining the amount of stock agreed to be transferred to her.  While in a proper case, and where it appeared that the party against whom relief was sought had repudiated his contract and denied the existence of such a contract, the complaining party might be excused from full compliance or offer of compliance with the terms of the agreement by him to be performed as a condition to relief being awarded, the pleadings and findings here considered do not make out such a case.

The judgment is reversed, with direction to the trial court to sustain the demurrer of defendant as interposed to the amended complaint of plaintiff.

Allen, P. J., and Shaw, J., concurred.